**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| YVES WANTOU, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV18 |
| | § | |
| WAL-MART STORES, INC., | § | |
| Defendant | § | |

**PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND FOR  EXPENSES NON-TAXABLE UNDER 28 U.S.C. § 1920**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Yves Wantou (thereafter "Wantou" or "Plaintiff"), and files, pursuant to Fed. R. Civ. P. 54(a) *et seq.* (including, *inter alia*, Fed. R. Civ. P. 54(d)(2)); 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 1988; all other applicable laws and statutes; and the fact that on July 6, 2020, this Court entered an order/judgment from which an appeal may lie; this Second Motion for Attorney's Fees and for Expenses Non-Taxable under 28 U.S.C. § 1920; and would respectfully show the Court the following.

Fed. R. Civ. P. 54(a) specifically states that "'Judgment' as used in these rules includes a decree and any order from which an appeal lies."  The Court's [Doc. 675] Order, entered on July 6, 2020, was a "judgment" in the meaning of Fed. R. Civ. P. 54(a), and hence entitles Plaintiff, as the prevailing party, to file this Second Motion for Attorney's Fees in accordance with Fed. Civ. P. 54(d)(2).  More specifically, the Court's [Doc. 675] Order, is an order that may be appealed by Defendant.  As the prevailing party, Plaintiff requests that the Court award him conditional attorney fee and nontaxable costs awards should the case be appealed by Defendant respectively to the 5th Circuit Court of Appeals, and subsequently to the Supreme Court without grant of *writ of certiorari* by the Supreme Court, or to the Supreme Court with grant of *writ of certiorari* by the Supreme Court, *See, e.g., Keeton v. Wal-Mart Stores, Inc.,* 21 F. Supp. 2d 653 (E.D. Tex. 1998). *See also, e.g., Eagle Suspensions, Inc. v. Hellman Worldwide Logistics, Inc.,* Civil Action No. 3:12-CV-611-G (N.D. Tex. December 18, 2014).

While Plaintiff is currently proceeding *pro se*, Plaintiff was represented by attorneys at various stages during the proceedings and said counsel representations formed the basis of the Court's partial grant of Plaintiff's [Doc. 653] Motion for Attorney's Fees

1

and for Expenses Non-Taxable under 28 U.S.C. § 1920.  It can reasonably be anticipated that Plaintiff will again need counsel to defend against a potential appeal by Defendant in higher courts.  Granting plaintiff conditional attorney fee and nontaxable costs awards would facilitate securing counsel to defend against potential appeals by Defendant in higher courts, as the availability of funds (or lack thereof) for counsel representation is a crucial and determining factor as to securing counsel, not to mention competent and skilled counsel.

Plaintiff takes exception to the Court's denial of non-taxable costs requested as part of [Doc. 653] Motion for Attorney's Fees and for Expenses Non-Taxable under 28 U.S.C. § 1920.  The Court denied said costs on the basis that they were incurred by Plaintiff as a *pro se* litigant and that, according to the Court, they are only available to parties represented by counsel.  While courts, including courts of appeals, have held that *pro se* litigants are not entitled to compensation, as an attorney would be, for the time spent prosecuting illegal discrimination/retaliation claims because said time spent does not amount to a **cost incurred**, there is no authority supporting denial of costs **incurred** by *pro se* litigants for the prosecution of such claims.  To the contrary, denying a *pro se* litigant compensation for costs incurred as to the prosecution of discrimination/retaliation claims vitiates the very purpose of Title VII and §1981 claims, which is to indemnify a plaintiff as to all the losses incurred because of the discrimination/retaliation and put the plaintiff at the same economic position he/she would have been in had the discrimination/retaliation not occurred.   Plaintiff is considering availing himself of his appeal rights as to said denial by the Court. In the instant motion, Plaintiff presents to the Court, estimated nontaxable costs as to the defense of potential appeals by Defendant, and Plaintiff prays that the Court grant said conditional nontaxable costs.

Plaintiff requests the following conditional attorney fee and nontaxable costs awards:

(1)  $150,000 should the case be appealed to the Fifth  Circuit Court of Appeals

(2)  $85,000 should the case be appealed to the United States Supreme Court and *writ of certiorari* is not granted; and an additional

(3)  $125,000 should the United States Supreme Court grant Defendant's *writ of certiorari*

(4)  $35,000 in nontaxable costs

Thus, plaintiff requests a total of **$395,000** in conditional attorney fee and nontaxable costs awards.  Plaintiff submits the attached declaration in support of the requested conditional attorney fee and nontaxable costs.

WHEREFORE, Plaintiff prays the Court grant Plaintiff's Second Motion for Attorney's Fees and for Expenses Non-Taxable under 28 U.S.C. § 1920.  Plaintiff further prays for any such other relief to which he may be entitled either in law or in equity.

Respectfully submitted,

/s/ Yves Wantou

YVES WANTOU, Pro Se
PLAINTIFF
105 Ash St, #10,
Pittsburg, TX 75686
Telephone:  (703) 307-1675
Email: wantoude@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all parties in accordance with Rules of Civil Procedure on this 20th day of July 2020, as follows:

/s/ Yves Wantou
Yves Wantou