**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| YVES WANTOU, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  5:17-CV-00018-RWS-CMC |
| v. | § § | |
| WAL-MART STORES TEXAS, LLC, | § § § | |
| Defendant. | § § § | |

**ORDER**

Before the Court is Wantou's Proposed Bill of Costs.  Docket No. 652.  Previously, the Court ordered the parties to meet and confer over Wantou's costs and to brief any remaining disputes.  Docket No. 668; *see* Docket Nos. 671–74 (briefing).  Now, six disputes remain: (1) Printing and Copying Costs; (2) Pre-Trial Transcript Costs; (3) Travel and Subsistence Costs for Crista Oberthier; (4) Reducing Wantou's Deposition Costs; (5) Deposition Costs for Evelyn Kim and Donald Lewis; and (6) Mailing and Postage Costs.  The Court takes each in turn.

**(1) Printing and Copying Costs**

Wal-Mart argues Wantou is not entitled to any printing or copying costs because he failed to provide any evidence of necessity, Docket No. 671 at 1–2; but the Court disagrees.  The party seeking costs need not "identify every xerox copy made for use in the course of legal proceedings." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991).  But it must demonstrate some connection between the costs incurred and the litigation. *Id.*  The Court's Standing Order explains what specificity is needed: "[f]or instance, a charge labeled 'copying' is non-specific, while a charge labeled 'copying Project X source code' is considered specific.  Standing Order Regarding Bills of Costs For Cases Pending Before Judge Robert Schroeder ("Standing Order") at 4 n.1.

Wantou's Copying, Photocopying and Scanning Log contains at least this much specificity. *See, e.g.*,  Docket No. 652-9 at 3  ("Printed EEOC compliance manual and EEOC regulations (Title 29 of the Code of Federal Regulations (CFR))[.]").

That said, many of Wantou's document descriptions show "[c]harges for multiple copies of documents, attorney correspondence, and other such items" that "are not recoverable."  Standing Order at 4 (citing *Fogleman*, 920 F.2d at 286).  For instance, Wantou "[p]rinted records as to case for [a] prospective attorney" six times.  Docket No. 652-9 at 4–6.  And he printed three copies of many documents.  *See, e.g.*, Docket No. 652-9 at 5 ("Printed Original Complaint (Court copy, Defendant's copy, copy proof record[.])").  Thus, the Court will reduce Wantou's printing costs by 75 percent to $3,960.  *Cf.  Fox v. Vice*, 563 U.S. 826, 838 (2011) (holding courts are not required to do a line-by-line review of attorneys' fees records).

### (2) Pre-Trial Transcript Costs

Again, Wal-Mart argues that Wantou has not shown the pre-trial transcript was necessary, Docket No. 671 at 2–3; and again, the Court disagrees.  Certainly, "*[t]rial lawyers* are expected to be generally aware of what happens in a pretrial conference," *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 2015 U.S. Dist. LEXIS 3629, at \*16 (E.D. Tex. 2015) (emphasis added), but Wantou was a *pro se* litigant not an experienced trial lawyer.  Likewise, many of the Court's pretrial orders were "memorialized . . . in written orders," *Youssef v. FBI*, 762 F. Supp. 2d 76, 88 (D.D.C. 2011), but some rulings were not.  Notably, only the pretrial conference minutes memorialize the Court's exhibit rulings.  *See* Docket No. 551.  And Wantou challenged those rulings in post-trial briefing.  *See, e.g.*, Docket No. 631 at 24–25 (addressing one such challenge).  As Wantou notes, he cited the pre-trial conference transcript heavily.  Docket No. 601 at 31; Docket No. 640 at 2, 16, 18, 19, 20.  And the Court even relied on that transcript.  Docket No. 631

at 25.  Requesting the pretrial conference transcript was reasonably necessary, and Wantou can recover his costs from that request.

### (3)   Travel and Subsistence Costs for Crista Oberthier

Wal-Mart argues that Wantou cannot recover travel and subsistence costs for third-party witness Christa Oberthier because he failed to provide receipts.  Docket No. 671 at 3.  But 28 U.S.C. § 1821(c) requires "[a] receipt or other evidence of actual cost shall be furnished" only when traveling by common carrier.  *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 65 (5th Cir. 1994) ("Section 1821(c)(1) relates to the payment of a witness' expenses for traveling on a common carrier.").  But Wal-Mart's objection is still well-made.  Even if Oberthier traveled in a privately-owned vehicle, Wantou "did not submit any evidence of the distances [she] traveled[.]" *Halupka v. Fed. Express Corp.*, No. 4:03-CV-350, 2006 WL 8441054, at *4 (E.D. Tex. Aug. 2, 2006).   Thus, the Court cannot award—or even calculate—those expenses.  *See* 28 U.S.C. § 1821(c)(2) (allowing for mileage-based travel expenses).  And because Wantou did not separate travel from subsistence expenses (or offer any itemized calculation of expenses at all), it is impossible to determine what other expenses are taxable.  Oberthier's travel and subsistence costs, therefore, are not taxable.

### (4) Reducing Wantou's Deposition Costs

Walmart argues that Wantou's deposition costs should be reduced 25 percent because Wantou failed to provide itemized invoices for each deposition, Docket No. 671 at 3–4, but the Court disagrees.  On reply, Wantou provided the number of pages for each deposition.  Docket Nos. 673-2, 674-1.  From that evidence, it is possible to calculate a rate per page—approximately $0.50 in some cases.  *See* Docket No. 674-1.  Even before that evidence was provided, based on the Court's experience, Wantou's depositions transcription costs were reasonable.

**(5) Deposition Costs for Evelyn Kim and Donald Lewis**

Wal-Mart argues that Wantou cannot recover deposition costs for Evelyn Kim and Donald Lewis because those witness were eventually excluded. Docket No. 671 at 4. But the Court disagrees. The costs of a deposition are allowed if "there is a reasonable expectation that the deposition may be used for trial preparation." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). And this "[C]ourt is accorded great latitude in th[at] determination." *Fogleman*, 920 F.2d at 286. To be sure, Kim and Lewis were eventually excluded as witnesses, but that determination occurred long after they were deposed. *See* Docket No. 545 (excluding witnesses). There is no indication either deposition was "taken primarily for discovery or investigative purposes." Standing Order at 3 (citing *Fogelman*, 920 F.2d at 285). Indeed, Wantou fought to call both witnesses at trial—indicating he wished to use those depositions at trial—and argued the Court's exclusion decision was incorrect. And there is no reason to doubt the "reasonable expectation" the depositions of Kim and Lewis would be used at trial when those depositions were taken.

**(6) Mailing and Postage Costs**

As Wal-Mart notes, Docket No. 671 at 4–5, "[m]iscellaneous expenses such as postage, . . . are not recoverable under § 1920." Standing Order at 4 (citing *Home Depot U.S.A. v. Fed. Ins. Co.*, No. 4:02- CV-95, 2003 U.S. Dist. LEXIS 5492, at *5 (E.D. Tex. 2003)). *Ushijima v. Samsung Elecs. Co.*, No. A-12-CV-318-LY, 2015 U.S. Dist. LEXIS 109031, at *7 (W.D. Tex. July 30, 2015), which Wantou cites, discusses expedited transcript costs—not postage and mailing. Thus, Wantou's postage and mailing costs are not taxable.

\*\*\*

Page **4** of **5**

Based on the foregoing, Wantou's Bill of Costs (Docket No. 652) is **GRANTED-IN-PART** and **DENIED-IN-PART**.  Wantou may not recover his mailing costs, postage costs or costs for Oberthier's travel and subsistence, and he may only recover $3,960 in printing costs.  Otherwise, the Clerk is authorized to tax costs in the amounts requested.

**So ORDERED and SIGNED this 22nd day of July, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE