IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| YVES WANTOU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 5:17-CV-00018-RWS-CMC |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
SECOND MOTION FOR ATTORNEY'S FEES AND EXPENSES**

Defendant Wal-Mart Stores Texas, LLC urges the Court to deny Plaintiff's second motion for attorney's fees and expenses (Dkt. #676) for the following reasons:

**ARGUMENT AND AUTHORITIES**

Wantou appears to request that the Court order Wal-Mart to *advance* him his appellate attorneys' fees. The two cases he cites do not permit such an order. In each case, the court, applying Texas law, included in the judgment a conditional award of attorneys' fees, to be recovered by the judgment creditor *after* an unsuccessful appeal by the judgment debtor. *See Keeton v. Wal-Mart Stores, Inc.*, 21 F. Supp. 2d 653 (E.D. Tex. 1998); *Eagle Suspensions, Inc. v. Hellman Worldwide Logistics, Inc.*, 2014 U.S. Dist. LEXIS 180817 (N.D. Tex. 2014). As the Northern District has explained, "While attorneys' fees for successful appellate efforts are permitted, they are certainly not allowed in advance of such services being rendered and before a judicial determination that plaintiffs are the

1

prevailing parties on appeal and that the fees they incurred were reasonable." *Primrose Op. Co. v. Nat'l Am. Ins. Co.*, 2003 U.S. Dist. LEXIS 12447, at *18 (N.D. Tex. 2003), *rev'd in part on other grounds*, 382 F.3d 546 (5th Cir. 2004).

Other courts in this Circuit agree that an advance award of appellate attorneys' fees would be inappropriate. In *Transverse, LLC v. Iowa Wireless Servs., LLC*, 2019 U.S. Dist. LEXIS 121412 (W.D. Tex. 2019), the court noted that under Texas law, an award of attorneys' fees may include *conditional* fees for an appeal. *Id.* at 35. But the Court also observed: "Notwithstanding the foregoing, federal district courts in this circuit are hesitant to award such fees, because, typically, the Fifth Circuit will remand the appropriate fee determination once the claim for fees is ripe for adjudication." *Id*. at 36 (internal quotation marks omitted). Thus, the court found it "prudent to wait until an appeal has been completed to make a determination on this issue, and declines to award conditional fees at this time." *Id*.; *see also First Fed. Sav. & Loan Ass'n v. Pardue*, 545 F. Supp. 433 (N.D. Tex. 1982) ("This Court believes it to be the better practice not to allow attorneys' fees in advance for appellate work so will deny those fees without prejudice.").

In *Edwards v. Aaron Rents, Inc.*, 482 F. Supp. 2d 803 (W.D. Tex. 2006), an employment discrimination case, the court likewise refused to award appellate attorneys' fees before the conclusion of the appeal, finding it "inappropriate." *Id*. at 814. The court explained:

> Were this Court to award conditional attorneys' fees, the amount would be speculative at best and likely subject to motions to modify the award by

both parties. In the interest of judicial economy, this Court will deny the request for conditional appellate fees without prejudice to Plaintiff refiling such motion after the fees have, in fact, been incurred.

*Id.*; *see also Geoffrion v. Nationstar Mortg., LLC,* 2016 U.S. Dist. LEXIS 62723, at *21 (E.D. Tex. 2016) (declining to award appellate fees until after resolution of the appeal); *Carroll v. Sanderson Farms, Inc.,* 2014 U.S. Dist. LEXIS 16890 (S.D. Tex. 2014) ("Sanderson Farms further asks the Court to deny counsel's request for conditional fees for possible appeals. If there should be an appeal and Plaintiff prevails and requests a fee award for services relating to the appeal and the Fifth Circuit agrees, the Fifth Circuit remands the appropriate fee determination to the district court once the claim for fees is ripe for adjudication. Any award for appellate fees at this stage would be speculative and likely subject to challenge, thus undermining judicial economy.") (citation and internal quotation marks omitted).

Here, the amount of Wantou's appellate attorneys' fees, if any, would be highly speculative, given that Wantou is proceeding pro se and is not entitled to recover fees for representing himself. He claims he might decide to retain appellate counsel, but as of now, that is pure speculation. After completion of an appeal, on the other hand, the Court will know whether Wantou was represented by counsel and will be able to apply the required lodestar method of calculating a proper award of appellate fees. *See Kiva Kitchen & Bath, Inc. v. Capital Distrib.,* 681 F. Supp. 2d 807, 813-16 (S.D. Tex. 2010) (applying lodestar method after completion of appeal to calculate prevailing party's appellate

attorneys' fees). Under the required lodestar method, the court must consider evidence such as the appellate attorney's time records, *id*. at 814, which do not presently exist.

Wal-Mart also objects to Wantou's estimate of reasonable and necessary appellate attorneys' fees as excessive. Wantou requests $150,000 for appeal to the Fifth Circuit alone. By comparison, consider the fees awarded for the appeal in *Kiva Kitchen & Bath.* That case involved allegations of trademark infringement, tortious interference with existing and prospective business advantage, conspiracy, unfair competition, and violations of the Anticybersquatting Consumer Protection Act of 1999, provisions of the Lanham Act, and the Texas Antidilution Act. *Id*. at 808.

In that far more complicated appeal, the Fifth Circuit determined that 543.69 hours were reasonable and necessary and awarded $179,890.04 in appellate fees. Wal-Mart submits that this appeal will require far less than 543 hours. *See, e.g, Perry v. Autozone Stores, Inc.*, 624 Fed. Apx. 370, 373 (6th Cir. 2015) (finding 246.2 hours at a rate of $300 per hour reasonable and awarding at total of $73,860 in fees and $823 in costs for the appeal in a Title VII case); *Cush-Crawford v. Adchem Corp.*, 234 F. Supp. 2d 207, 212-13 (E.D.N.Y. 2002) (finding 104 hours of attorney time reasonable in employment discrimination case under Title VII); *L.I. Head Start Child Dev. Servs. v. Econ. Opportunity Comm'n of Nassau County, Inc.*, 2013 U.S. Dist. LEXIS 172404, at *15-16 (E.D.N.Y. 2013) (awarding appellate fees of $38,552.50 for 128.8 hours of work);

4

Finally Wantou's request for a speculative award of anticipated appellate costs should be denied for the reasons stated in Wal-Mart's response (Dkt. 683) to Wantou's Second Notice of and Accompanying Memorandum in Support of Plaintiff's Bill of Costs (Dkt. 677).

## CONCLUSION

The Court should deny Wantou's motion for appellate attorneys' fees and costs.

Respectfully submitted,

/s/ *Robert B. Gilbreath*
ROBERT B. GILBREATH
State Bar No. 07904620

Hawkins, Parnell
  & Young, LLP
Highland Park Place
4514 Cole Avenue, Suite 500
Dallas, Texas 75205
Telephone:    214-780-5100
*rgilbreath@hpylaw.com*

ATTORNEYS FOR DEFENDANT

5

## CERTIFICATE OF SERVICE

This is to certify that the above-referenced document was served on all counsel of record via the Court's ECF system in accordance with the Federal Rules of Civil Procedure on this 29th day of July 2020.

Yves Wantou, Pro Se
105 Ash St., #10
Pittsburg, TX 75686
*wantoude@yahoo.com*

/s/ *Robert B. Gilbreath*
Robert B. Gilbreath