**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| YVES WANTOU, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV18 |
| | § | |
| WAL-MART STORES, INC., | § | |
| Defendant | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S [Doc. 684] RESPONSE TO PLAINTIFF'S [Doc. 676] SECOND MOTION FOR ATTORNEY'S FEES AND FOR EXPENSES NON-TAXABLE UNDER 28 U.S.C. § 1920**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Yves Wantou (thereafter "Wantou" or "Plaintiff"), and files this Reply to Defendant's [Doc. 684] Response to Plaintiff's [Doc. 676] Second Motion for Attorney's Fees and for Expenses Non-Taxable under U.S.C. § 1920; and would respectfully show the Court the following:

Contrary to Defendant's allegation that Plaintiff's request for conditional fees and costs is inappropriate, Plaintiff's request is proper and well supported under Fifth Circuit and Texas State case law. "A long and consistent line of Fifth Circuit precedent allows awards of attorneys' fees" to include appellate work. *Norris v. Hartmarx Specialty Stores, Inc.*, 913 E.2d 253, 257 (5th Cir. 1990). Additionally, state attorney fee law, which "embodies a substantial policy" can also serve as a basis for attorney fees awards in federal courts. *Camacho v. Texas Workforce Commission*, 445 F.3d 407, 412 (5th Cir. 2006). In that situation, one must look to state's law to determine whether such an award include attorney fees for appeal. *See, e.g., DPSolutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 433 (5th Cir. 2003).

Both the district court and the Fifth Circuit have the legal authority to award appellate attorney fees. *See Perkins v. Standard Oil of Cal.*, 399 U.S. 222, 223 (1970); *Stone v. City of Wichita Falls*, 668 F.2d 233, 233-34 (5th Cir. 1982). Generally, however, such determination is best made by the district court. *Paniorv. Iberville Parish Sch. Bd.*, 543 F.2d 1117 (5th Cir. 1976). Therefore, the request should first be directed to the district court. *See Stone v. City of Wichita Falls*, 668 F.2d 233, 233 (5th Cir. 1982) (citing *United States v. Tex. Constr. Co.*, 237 F.2d 705, 707 (5th Cir. 1955)). When a request for appellate attorney fees is directed to the

1

district court, a motion making such request should be made pursuant to Fed. R. Civ. P. 54 whether classified as costs or damages. *See, e.g., United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996). The motion must be filed within 14 days of the entry of the district court's judgment. *Id.* (citing Fed. R. Civ. P. 54). The motion must specify the legal basis for the award sought and the "amount or fair estimate of the amount sought." *Id.*

Only in particular circumstances will the appellate court award attorney fees at its level. *See Stone v. City of Wichita Falls*, 668 F.2d 233, 234 (5th Cir. 1982) (citing *Hutto v. Finney*, 437 U.S. 678, 693-700 (1978)). This is in instances where awards of appellate attorney fees are limited to actions taken solely in appellate court and the facts necessary to the determination are clear on the face of the record. *See Stone v. City of Wichita Falls*, 668 F.2d 233, 233 (5th Cir. 1982); *see also Rizzo v. Children's World Learning Ctr.*, 173 F.3d 254, 263 (5th Cir. 1999) (appellate attorney fees awarded by appellate court); *Davis v. Roadway Exp., Inc.*, 590 F.2d 140, 143 (5th Cir. 1979). However, if appellate attorney fees include work done before the United States Supreme Court and/or the district court, then the district court should make the decision regarding the attorney fee award. *Davis v. Roadway Exp., Inc.*, 590 F.2d 140, 143 (5th Cir. 1979).; *see also Universal Amusement Co. v. Vance*, 559 F.2d 1286 (5th Cir. 1977) (appellate and trial court fees); *Stone v. City of Wichita Falls*, 668 F.2d 233, 233 (5th Cir. 1982).

Requesting conditional appellate attorney fees in this case is proper because Texas State law provides for such conditional fees and the Fifth Circuit has specifically stated, as shown above, that state attorney fee law, which "embodies a substantial policy" can also serve as a basis for attorney fees awards in federal courts. *Camacho v. Texas Workforce Commission*, 445 F.3d 407, 412 (5th Cir. 2006). Walmart itself does not dispute that Texas state law provides for conditional appellate attorney fees. *See* Doc. 684 at 2 (Walmart noting that under Texas law, an award of attorneys' fees may include *conditional* fees for an appeal (Walmart citing *Transverse, LLC v. Iowa Wireless Servs., LLC*, 2019 U.S. Dist. LEXIS 121412 (W.D. Tex. 2019)).

Walmart's contention that" the amount of Wantou's appellate attorneys' fees, if any, would be highly speculative, given that Wantou is proceeding pro se and is not entitled to recover fees for representing himself" (Doc. 684 at 3) is misplaced. **First**, Plaintiff, takes exception to the allegation that Wantou, as a pro se litigant, is not entitled to recover attorney fees in the broad sense (which include nontaxable expenses). As argued by Plaintiff in his [Doc. 676] Motion, at the very least, Wantou should be entitled to the nontaxable expenses and failure to award said nontaxable expenses would be contrary to the existing laws as to Title

VII and §1981 whose overarching principle is to make a prevailing plaintiff whole as to all economic and noneconomic expenses incurred due to illegal discrimination/retaliation.  Furthermore, Wantou re-alleges and incorporates by reference, to the extent it pertains to the issue of non-taxable costs award to *pro se* litigant, Wantou's [Doc. 685] Rule 59(e) Motion to Alter or Amend Judgment as to [Doc. 675] Order as to Plaintiff's [Doc. 653] Motion for Attorneys' fees and Expenses Non-Taxable under §1920 or Alternatively for Reconsideration.  **Second**, the issue of conditional appellate fees is necessarily speculative.  In awarding conditional appellate fees, the Court must necessarily speculate as to events that have not yet occurred and costs that have not yet been incurred.  Denying conditional appellate fees on the basis that they are speculative would amount to negating the very purpose of the existing laws and provisions providing for such awards and render said laws and provisions pointless.   A motion for attorney fees need only specify the legal basis for the award sought and the "amount or fair estimate of the amount sought." *See, e.g., United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996).  The amounts requested by Plaintiff as to conditional appellate fees are fair and reasonable with respect to the facts of the case, the nature of the case, and the trends of the litigation thus far.  Moreover, in many of the cases cited by Defendant, in which conditional appellate fees were denied due to being speculative, one of the speculations was whether the losing party would be appealing the judgment in the first place.  In this case, that speculation has been eliminated, as Defendant has already appealed the judgment.

Furthermore, the fact that the instant issue of conditional appellate fees involves both the appeal in the 5th Circuit and the appeal in the Supreme Court makes the issue all the more proper before this Court. As noted above, if appellate attorney fees include work done before the United States Supreme Court and/or the district court, then the district court should make the decision regarding the attorney fee award. *Davis v. Roadway Exp., Inc.*, 590 F.2d 140, 143 (5th Cir. 1979).; *see also Universal Amusement Co. v. Vance*, 559 F.2d 1286 (5th Cir. 1977) (appellate and trial court fees); *Stone v. City of Wichita Falls*, 668 F.2d 233, 233 (5th Cir. 1982).

In *Eagle Suspensions, Inc. v. Hellman Worldwide Logistics, Inc.*, Civil Action No. 3:12-CV-611-G (N.D. Tex. December 18, 2014), a case objectively far simpler than the instant case (e.g. the case had, in total, only about 162 docket entries, much less than the instant case which, so far has close to 700 entries), the court granted the prevailing party, the plaintiff, contingent appellate attorney fees of $75,000, which contingent appellate attorney fees were conditional upon the unsuccessful outcome of the appeal

by the losing party and before the court had evidence beyond speculation as to the attorney fees and litigation expenses to be incurred at the appeal stage.

In *Keeton v. Wal-Mart Stores, Inc.*, 21 F. Supp. 2d 653 (E.D. Tex. 1998), a case in this very district court, case which involved the same defendant as in the instant case and was objectively a very simple case, in which the prevailing party (the plaintiff) was awarded a $3000 jury verdict, prejudgment interest, $23,025 in attorney's fees and $3,001.85 in costs, the prevailing plaintiff sought a conditional attorney fee award of an additional $3,000 in case of an appeal by the losing party to the Fifth Circuit Court of Appeals, an additional $2,000 in case of an appeal to Supreme Court and an additional $3,500 if the Supreme Court granted a writ of *certiorari*. *Keeton v. Wal-Mart Stores, Inc.*, 21 F. Supp. 2d 653, 663 (E.D. Tex. 1998). Wal-Mart in that case opposed the award of any attorney's fees whatsoever, yet this very district court awarded the prevailing plaintiff in that case all the requested conditional appellate fees.

WHEREFORE, Plaintiff prays the Court grant Plaintiff's Second Motion for Attorney's Fees and for Expenses Non-Taxable under 28 U.S.C. § 1920. Plaintiff further prays for any such other relief to which he may be entitled either in law or in equity. Respectfully submitted,

/s/ Yves Wantou

YVES WANTOU, Pro Se
PLAINTIFF
105 Ash St, #10,
Pittsburg, TX 75686
Telephone: (703) 307-1675
Email: wantoude@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all parties in accordance with Rules of Civil Procedure on this 5th day of August 2020, as follows:

/s/ Yves Wantou
Yves Wantou

4