**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| YVES WANTOU, | § | |
| | § | |
| | § | CIVIL ACTION NO.   5:17-CV-00018-RWS- |
| Plaintiff, | § | CMC |
| | § | |
| v. | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER**

Before the Court are Wantou's Second Motion for Attorney Fees (Docket No. 676), Wantou's Second Proposed Bill of Costs (Docket No. 677), Wantou's Response to the Court's Order to File an Amended Bill Of Costs (Docket No. 686), Wantou's Motion to Alter Judgment (Docket No. 685), Wantou's Motion to Enforce Judgment (Docket No. 691), Wantou's Motion to Alter Judgment (Docket No. 697), Wantou's Motion for Leave to File Sur-Surreply (Docket No. 699) and Wal-Mart's Motion to Suspend Enforcement of Judgment (Docket No. 692). For the following reasons, Wantou's Motion to Enforce Judgment (Docket No. 691) is **GRANTED**. All other motions are **DENIED**. It is **ORDERED** that no new motions shall be permitted until appeal in this matter concludes.

**I.    Wantou's Second Motion for Fees and Second Proposed Bill of Costs**

Wantou moves for a contingent award of appellate fees and costs. Docket Nos. 676, 677. Wal-Mart opposes Wantou's fee request, arguing that appellate fees cannot be advanced, that Wantou's request is speculative and that Wantou's request is excessive. Docket No. 684. Wal-Mart also opposes Wantou's costs request, arguing that request is unfounded and an overestimate. Docket No. 683

This Court may award fees for appellate work, but such awards "are certainly not allowed in advance of such services being rendered and before a judicial determination that plaintiffs are the prevailing parties on appeal and that the fees they incurred were reasonable." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, Civil Action No. 5:02-CV-101-C, 2003 U.S. Dist. LEXIS 12447, at *18 (N.D. Tex. July 15, 2003). To be sure, the Court may require a bond for appellate costs. FED. R. APP. P. 7. But it is unclear whether Rule 7 permits a bond for appellate fees. *See Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 299 (5th Cir. 2007). In any event, Wantou has not made the requisite showing for a Rule 7 bond: "the relevant factors are: (1) whether there is a risk of non-payment in the event that the appellants lose their appeal, (2) any previous bad faith or vexatious conduct on part of the appellants, and (3) the likely merits of the appeal." *Noatex Corp. v. King Constr. of Hous., L.L.C.*, 732 F.3d 479, 489 (5th Cir. 2013). The Court, therefore, declines to award appellate fees or require Wal-Mart to post a fees bond.

Likewise, Wantou has failed to make the requisite showing for a costs bond under Rule 7. *See id.* So the Court declines to require Wal-Mart to post a costs bond.

Thus, Wantou's Second Motion for Attorney's Fees and Second Proposed Bill of Costs are **DENIED**. Docket Nos. 676, 677. On remand, if necessary, Wantou may re-urge his motions.

## II.    Wantou's Response to the Court's Order to File an Amended Bill of Costs

Wantou was ordered "to file a Bill of Costs Form (See AO133) consistent with the Court's previously issued order (Docket No. 680)." Docket No. 681. Wantou responded, claiming his Second Notice of and Accompanying Memorandum in Support of Plaintiff's Bill of Costs complied with the Court's order. But Wantou misunderstood. He must file an amended Bill of Costs Form detailing only the costs approved in the Court's prior order. That includes only costs already incurred, as Wantou's request for contingent costs has been denied.

### III.   Wantou's Motion to Alter Judgment

Wantou moved to amend the Court's judgment as to fees and costs.  Docket Nos. 685, 697. Wal-Mart opposes, arguing the Court's fees and costs awards were correct.  Wantou has not pointed to any manifest error of law or fact warranting reconsideration.  *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (discussing Rule 59(e)); *see also* FED. R. CIV. P. 60(b); *Crenshaw Enters., Ltd. v. Irabel, Inc.*, Civil Action No. 1:17-cv-322, 2018 WL 6220060, at *2 (E.D. Tex. Feb. 15, 2018) (collecting cases applying Rule 59(e) standard to motions under Rule 54(b)).  Thus, Wantou's motions are **DENIED**.   Docket Nos. 685, 697.

### IV.   Wantou's Motion to Enforce Judgment and Wal-Mart's Motion to Suspend Enforcement of Judgment

The parties have filed cross-motions regarding whether Wantou can enforce his judgment. The automatic 30-day stay has expired, Wantou argues, so he is entitled to payment.  Docket No. 691.  Wal-Mart, on the other hand, requests the Court suspend judgment without requiring Wal-Mart post a bond.  Docket No. 692.

Wal-Mart has not explained why a stay pending appeal is appropriate.  "The factors for evaluating the appropriateness of a stay pending appeal are well-established: '(1) whether the stay applicant has made a strong  showing that he is likely to succeed on the merits; (2) whether the applicant will  be  irreparably  injured  absent  a  stay; (3)  whether  issuance  of  the  stay  will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' " *Moore v. Tangipahoa Par. Sch. Bd.*, 507 F. App'x 389, 392 (5th Cir. 2013) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  Yet Wal-Mart does not even engage with these factors. *See* Docket No. 692.  Thus, Wal-Mart's Motion to Suspend Judgment is **DENIED**.  Docket No. 692.  Wantou's Motion to Enforce Judgment is **GRANTED**.  Docket No. 691.  Wal-Mart has **10 days** to obtain a stay by providing a bond or other security in accordance with Rule 62 and Local

Rule CV-62.  Wantou's Motion for Leave to File Sur-Sur-Reply (Docket No. 699) is **DENIED-AS-MOOT**.

## V.    Further Filings

Both parties have appealed.  *See* Docket Nos. 678, 688.  By "filing of a notice of appeal," the parties have "confer[red] jurisdiction on the court of appeals and divest[ed] the district court of its control over those aspects of the case involved in the appeal." *Douglas v. Hous. Hous. Auth.*, 587 F. App'x 94, 98 (5th Cir. 2014).  Yet several motions have been filed addressing "aspects of the case involved in the appeal." *Id.*  Exercising this Court's "inherent power to control its docket," no further motion practice will be permitted until the parties' appeals conclude. *Marine Chance Shipping v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998).

**SIGNED this 8th day of September, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE